LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
  jennifer.barry@lw.com
  Patrick C. Justman (Bar No. 281324)
  patrick.justman@lw.com
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (Fax)

LATHAM & WATKINS LLP
  Dennis Mai (*pro hac vice*)
  dennis.mai@lw.com
1271 Avenue of the Americas
New York, NY 10032
212.906.1200 / 212.751.4864 (Fax)

Attorneys for Plaintiff
PROTON AG

DERGOSITS & NOAH LLP
  Michael E. Dergosits (Bar No. 118206)
  mdergosits@dergnoah.com
  Richard A. Nebb (Bar No. 146239)
  rnebb@dergnoah.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
415.705.6377 / 415.750.6383 (Fax)

Attorneys for Defendant
METALLICUS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PROTON AG, <br><br> Plaintiff, <br><br> vs. <br><br> METALLICUS, INC. <br><br> Defendant. | Case Number: 4:21-cv-09714-HSG <br><br> **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI:

<u>For Plaintiff</u>:  Patrick Justman and Dennis Mai of Latham & Watkins LLP.

<u>For Defendant</u>: Michael E. Dergosits and Richard A. Nebb of Dergosits & Noah LLP.

Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between December 10, 2016 and December 10, 2021 will be preserved, except that Proton will preserve ESI back to 2013 if it specifically establishes the first use date of each of its various PROTON Marks (to the extent such ESI still exists), and Metallicus will preserve ESI back to its founding or January 1, 2016 (whichever is earlier);

b) The parties have exchanged a list of the types of ESI they believe should be preserved, and each party will also independently ensure that ESI is preserved for its relevant custodians;

c) The parties agree that the following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced, absent a reasonable request for such a production:  audio files (including voicemail) and digital storage or database systems that are not currently in use, have not been in use since December 1, 2020, and cannot be reasonably accessed without undue burden or

cost;

d) Among the sources of data that the parties agree are not reasonably accessible, the parties agree not to preserve the following:

    i. ESI that is no longer within their possession, custody, or control (i.e., lost or deleted) as a result of the routine, good-faith operation of an electronic information system, unless the Party requesting such ESI establishes that there is good cause to believe that the Party from whom such ESI is being requested intentionally failed to preserve, deleted, or destroyed the ESI while under an obligation to retain it.  If, however, a Party does attempt to collect lost or deleted ESI, the collecting Party must collect the entire set of documents that could contain relevant information;

    ii. Back-up tapes or other long-term storage media that were created strictly for use as a data back-up medium;

    iii. Temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system;

    iv. Deleted, slack, fragmented, or other data only accessible by forensics;

    v. On-line access data such as temporary Internet files, history, cache, cookies, and other similar data;

    vi. Server, system, or network logs;

    vii. Data remaining from systems no longer in use that is unintelligible on systems in use; and

    viii. Ephemeral data automatically deleted by its nature or design by the application, settings, or operating systems.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☒ a combination thereof (check all that apply) file formats and, when metadata is relevant, all applicable metadata fields in a Relativity compatible .DAT load file. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to make rolling productions of ESI and the initial production will be from the most relevant sources and custodians for the particular requests. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving counsel that post-date the filing of the complaint or the filing of the cancellation action (i.e., Cancellation Action Nos. 92076094, 92076093) need not be placed on a privilege log.

c) Communications or activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Fed. R. Civ. P. 26(b)(3)(A) and (B), and need not be placed on a privilege log.

d) Consistent with the Federal Rules of Civil Procedure, a party withholding or redacting any document, material, or ESI on the grounds of privilege, immunity or

any similar claim shall provide to the receiving party a privilege log, which shall contain the following information:

    i.    For documents or electronically stored information: (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel); (2) general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; and (4) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other.

    ii.    For oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and the place of communication; and (3) the general subject matter of the communication.

e) Any email chain (i.e., a series of emails linked together by responses and/or forwarding) that is withheld or redacted on the grounds of privilege, immunity, or any similar claim, shall be logged as one document and shall be identified by the top-most email in the chain that is withheld or redacted (e.g., if a party withholds on the basis of privilege an email chain consisting of a sent email, a first reply email and a second reply email, the chain shall be identified by the second reply email; if a party produces the same email chain but redacts the sent email and the first reply email, the chain shall be identified by the first reply email).  The parties shall not be required to log identical copies of an email that is included in a chain that has been logged in accordance with this Section.

f) Each member of a family (e.g., email attaching memorandum) that is withheld or redacted on the grounds of privilege, immunity, or any similar claim shall be identified on the log separately.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 26, 2022        /s/ *Patrick C. Justman*
                             Patrick C. Justman

                             *Counsel for Plaintiff*
                             PROTON AG


Dated: April 26, 2022        /s/ *Richard A. Nebb*
                             Richard A. Nebb

                             *Counsel for Defendant*
                             METALLICUS, INC.

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained for all signatories above.

Dated:  April 26, 2022       /s/ *Patrick C. Justman*
                             Patrick C. Justman


**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 4/27/2022             _____
                             HAYWOOD S. GILLIAM, JR.
                             UNITED STATES DISTRICT JUDGE